FILED
07/15/2021
*Peg L. Allison*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Jennifer McFarren
DV-15-2021-0000776-PI
Wilson, Dan
1.00

William V. Ballew
BALLEW LEGAL
530 Highland Park Drive
Missoula, MT 59803
Telephone: (406) 414-9548

*Attorneys for Plaintiff*

MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| MARY CARLSSON, | ) Cause No.: |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK and DOES 1 THROUGH 50, inclusive | ) |

COMES NOW, Plaintiff Mary Carlsson (hereinafter "Plaintiff"), by and through her counsel of record and for her Complaint against Defendant National Railroad Passenger Corporation a/k/a/ Amtrak ("Amtrak"), alleges and states as follows:

INTRODUCTION

1. This complaint sets forth claims of negligence against Amtrak. These claims are based upon the fact that Plaintiff sustained injury when an Amtrak Empire Builder Train unexpectedly and violently jerked near Whitefish, Montana, causing Plaintiff to fall and sustain serious and significant injuries.

PARTIES

2. At all times relevant hereto, Plaintiff was a citizen of Montana and a resident of Kalispell, Flathead County, Montana.

3. Upon information and belief, Defendant National Railroad Passenger Corporation a/k/a Amtrak, is a for-profit business entity operating and doing business in the state of Montana.

4. This Court has subject matter jurisdiction over this action because all acts and omissions occurred within this Court's jurisdiction.

5. The Court has personal jurisdiction over the parties because it involves the transaction of business within the State of Montana, Rule 4, M.R.Civ.P.

6. Venue is proper in the Eleventh Judicial District Court, Flathead County because the accident occurred in Flathead County.

7. The true names and capacities of Defendants sued herein as Does 1 through 50, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. As to each Doe Defendant, Plaintiff is currently unaware of their identity and/or the facts giving rise to a cause of action against them. Plaintiff alleges that each Doe Defendant is legally responsible in some manner for the events referenced herein that caused injury and damage to Plaintiff.

FACTS COMMON TO ALL COUNTS

8. On or about August 13, 2018, Plaintiff was traveling on the Amtrak Empire Builder Train, No. 8, returning from the state of Washington to her home in Kalispell, Montana after visiting her daughter.

9. Plaintiff is hearing impaired and wears a cochlear implant. Because of that, she purchased a ticket for a handicap accessible room for her safety and the use of a porter.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

10. At or around the time of arrival to her destination in Whitefish, Montana, Plaintiff attempted to move from the closed toilet seat where she was sitting to the chair. The train was operating at a slow speed, and Plaintiff thought it was going slowly into the station to stop. In preparation for that, she moved from the toilet seat to the car seat at which point the train suddenly and without warning made a hard jerk causing Plaintiff to fall violently.

11. Plaintiff fell to the floor, striking her head on either a seat or table in the room, and land on her tailbone. The fall and subsequent strike to her head opened a laceration on the back-left side of Plaintiff's head.

12. Because of the severity of the impact, Plaintiff's cochlear implant was dislodged.

13. Unable to stand, Plaintiff called for help. Ultimately, she crawled across the floor to press the Porter call button.

14. A porter arrived. He told Plaintiff he was unable to physically assist her. Plaintiff was left unattended for a lengthy time.

15. Other than a washcloth and tissues, medical aid was not provided to Plaintiff while on the train by the porter, conductor, or any other train staff.

16. Once the train came to a stop in Whitefish, paramedics took her off the train on a gurney. Plaintiff was then taken to North Valley Hospital in Whitefish, Montana via ambulance.

17. Medical evaluation was performed, CT imaging was ordered and her head laceration was cleaned and closed with multiple staples. Plaintiff was discharged home under concussion protocol and advised to follow up with her primary physician.

18. Since the fall on the train, Plaintiff has suffered from continued pain and difficulty with her head, neck, back pain as well as multiple other continuing problems for which she has required significant medical treatment.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COUNT I – VIOLATION OF § 69-11-107 (1)(A), MCA
and NEGLIGENCE

16. Plaintiff restates and realleges each and every allegation contained in Paragraphs 1-15 above as thought fully set forth herein.

19. Pursuant to § 69-11-107 (1)(A), MCA, "a carrier of persons for reward shall use the utmost care and diligence for their safe carriage, shall provide everything necessary for that purpose, and shall exercise to that end a reasonable degree of skill."

20. Amtrak violated § 69-11-107 (1)(A), MCA by failing to use the utmost care and diligence for Plaintiff's safety. Amtrak failed to bring the train into the station in a safe manner, and the sudden and unexpected jerking of the train as it was coming to a stop was a departure from the appropriate standard of care of a reasonably prudent train operator. Amtrak also failed to warn Plaintiff of the impending stop and the need to stay seated until it did so.

21. As a direct and proximate result of Amtrak's negligence, Plaintiff was injured and has incurred medical expenses in the past and will incur such expenses in the future.

22. As a result of her injuries, Plaintiff has been prevented from transacting her business, daily activities, and recreation; she is prevented from pursuing her established course of life; and she has suffered pain and emotional distress in the past and will suffer pain and emotional distress in the future.

23. Amtrak's negligence was a cause of the Plaintiff's injuries and damages.

24. Plaintiff was not a cause of the accident, her injuries, or damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Amtrak as follows:

(1) For an amount sufficient to fully compensate Plaintiff for the injuries, detriment and damages described herein and according to proof;

(2) For general damages according to proof;

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(3)     For costs of suit;

(4)     For such other and further relief as this Court deems proper and just.

DATED this 15th day of July, 2021.

                                              BALLEW LEGAL

                                              By:   /s/ William V. Ballew
                                                   William V. Ballew III
                                                   Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a jury on all triable issues.

DATED this 15th day of July, 2021.

                                              BALLEW LEGAL

                                              By:   /s/ William V. Ballew
                                                   William V. Ballew III
                                                 Attorneys for Plaintiff